

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-345

| | |
|---|---|
| | **Opinion Delivered** November 6, 2013 |
| JOHNNY EUGENE EARLS<br>APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[Nos. CR-2003-473, CR-2010-263] |
| V. | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

### LARRY D. VAUGHT, Judge

Johnny Eugene Earls appeals the April 8, 2013 sentencing order entered by the Sebastian County Circuit Court revoking his probation. His counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals. The motion is accompanied by an abstract and addendum of the proceedings below and a brief in which counsel asserts that there is nothing in the record that would support an appeal. The clerk mailed a certified copy of counsel's motion and brief to Earls, informing him of his right to file pro se points for reversal. Earls failed to file pro se points for reversal. The State has not filed a brief. We affirm the sentencing order and grant counsel's motion to withdraw.

This is the second time this case has been before our court. The procedural history underlying the first appeal began when Earls pleaded guilty to a 2001 theft-of-property charge

(Class B felony) and was sentenced to a ten-year suspended imposition of sentence (SIS). *Earls v. State*, 2013 Ark. App. 111, at 1. He also pleaded guilty to a 2010 possession-of-drug-paraphernalia charge (Class C felony) and was sentenced to a two-year term of imprisonment with an eight-year SIS. *Id.* at 1–2. Earls was released from prison in 2010, and in 2012, the State filed a petition to revoke his SIS. *Id.* at 2. The trial court granted the petition and sentenced Earls to a fifteen-year term of imprisonment with a thirteen-year SIS for the theft conviction and a fifteen-year term of imprisonment with a thirteen-year SIS for the drug-paraphernalia conviction, to run concurrently. *Id.*

Earls's first appeal was a meritorious one and contained only one point of error—that the sentences he received upon the revocation of his probation were illegal. *Id.* at 1. In an opinion handed down on February 20, 2013, we agreed and reversed and remanded the case for resentencing. *Id.* at 2. On remand, in the April 8, 2013 sentencing order, the trial court resentenced Earls to a seven-year term of imprisonment and a thirteen-year SIS on the theft conviction and an eight-year term of imprisonment for the drug-paraphernalia conviction. This second—no-merit—appeal followed. The test for filing a no-merit brief is not whether there is any reversible error, but rather whether an appeal would be wholly frivolous. *Collier v. State*, 2013 Ark. App. 451, at 1–2.

In his first (meritorious) appeal, Earls did not challenge the sufficiency of the evidence supporting the revocation decision. Therefore, the revocation decision, which was affirmed in the first appeal, is now the law of the case. *Steve's Outdoor Invs., LLC v. Reynolds Forestry Consulting-RFC, Inc.,* 2013 Ark. App. 40, at 2 (holding that in a second appeal, the decision of the

first appeal becomes law of the case and is conclusive not only of every question of law or fact decided in the former appeal but also of such questions that might have been, but were not, presented). Our review of the record in the instant case reveals that there were no adverse evidentiary rulings made at the resentencing hearing. Therefore, the only adverse ruling that can be considered in this no-merit appeal is the legality of Earls's sentence on remand.

We hold that an appeal of the legality of the sentencing order on remand would be wholly without merit. If a trial court revokes a suspended imposition of sentence, it may enter a judgment of conviction and may impose any sentence upon the defendant that might have been imposed originally for the offense of which he was found guilty. Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2011). In 2001, when Earls committed theft of property, a Class B felony offense was punishable by a sentence of not more than twenty years. Ark. Code Ann. § 5-4-401(a)(3) (Repl. 2006). When he committed possession of drug paraphernalia in 2010, a Class C felony offense was punishable by not more than ten years. Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2006).

On remand, the trial court sentenced Earls to a seven-year term of imprisonment and a thirteen-year SIS on the theft conviction (for a total of twenty) and an eight-year term of imprisonment on the drug-paraphernalia conviction. Because these sentences are within the statutory range, there can be no argument that they are illegal and an appeal would be frivolous. Therefore, based on our review of the record for potential error pursuant to *Anders* and the requirements of Rule 4-3(k), we hold that an appeal of the trial court's sentencing order would



be entirely without merit. Accordingly, we affirm the sentencing order and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

WYNNE and GLOVER, JJ., agree.

*David L. Dunagin*, for appellant.

No response.